J-S08027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALICE ALBERSTADT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. ALBERSTADT | : | |
| | : | |
| Appellant | : | No. 1262 WDA 2019 |

Appeal from the Order Entered July 31, 2019
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
10555-2018

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 20, 2020**

William J. Alberstadt (Appellant) appeals *pro se* from the order entered July 31, 2019 in the Court of Common Pleas of Erie County granting the motion for special relief filed by Alice Alberstadt (Appellee) seeking to recover alimony and attorneys' fees under a marital settlement agreement.  We affirm.

The parties' dispute arises from their divorce and court-ordered alimony. Appellee commenced the action below by filing a motion for special relief on June 27, 2018, seeking to recover alimony and attorneys' fees under a marital settlement agreement and court order of June 8, 2018.[1]  On July 31, 2019, the trial court entered an order granting Appellee attorneys' fees, finding that

---

[1] Appellee filed for divorce on March 2, 2018.  The June 8, 2018 order concluded the divorce litigation.  Appellant appealed from that order, which appeal was docketed at 973 WDA 2018.  The appeal was quashed on April 18, 2019 as Appellant failed to file a court-ordered Pa.R.A.P. 1925(b) statement. Due to the pending appeal, Appellee's motion for special relief was not heard until June of 2019.

Appellant owed Appellee $18,920, and ordering a rollover of Appellant's investment account in partial satisfaction of the debt. Appellant filed the present appeal on August 7, 2019, and timely complied with Pa.R.A.P. 1925(b).

Appellant raises the following issues on appeal:[2]

I: Appellant was coerced by [Appellee and her] counsel . . . through deceitful acts and coercion over the years of separation and through financial fraud and duress from manipulation by [Appellee] and the abuse of discretions committed by the trial judge, and Appellant's constitutionally protected rights were violated throughout the divorce proceedings, which deprived Appellant of the economic relief/distributions Appellant was entitled to by law.

II: [Appellee] violated verbal contracts and the marital settlement agreement by fraudulent and undisclosed dissolving of financial, equitable and personal property during the separation and divorce proceedings for a financial windfall, without disclosing the same in financial disclosures to the court, which the court abused its discretion in not demanding the same to equally dissolve economic matters raised and preserved by Appellant, when evidence exists in court filings by Appellant, that [Appellee] sold marital settlement property, where the trial court ignored the same and granted full relief to [Appellee], in violation of the divorce code and law.

III: Whether the trial court abused its discretion to issue an order awarding alimony, when [Appellee] received a windfall of financial gains and income, when Appellant was financially bankrupt and without income or financial means for basic living expenses to care for Appellant's own expenses deprived by [Appellee] through fraud and financial disclosure to justify receiving alimony while living in a $385,000.00 Sarasota, Florida residence with income?

_____

[2] We note that Appellant's brief in his prior appeal, docketed at 973 WDA 2018, contains issues one through four raised here. Appellee's motion does not revive these issues, which were waived when his prior appeal was quashed.

IV: Whether the trial court abused its discretion to issue an order awarding attorney fees, when [Appellee] received a windfall of financial gains and income, when Appellant was financially bankrupt and without income or financial means for basic living expenses deprived by [Appellee] through fraud, contractual violations and financial [non]disclosures in seeking attorney fees?

V: Whether [the trial judge] abused his discretion in his capacity as an elected official, to impose his personal bias, ill–will and partiality against [Appellant], where the record demonstrates that at each and every documented issue, violation of the marital settlement agreement committed by [Appellee], that [the trial judge] has ignored the prejudice, contractual violations and laws inflicted against [Appellant], and ruled in favor of [Appellee]. Furthermore, [the trial judge] intentionally blocked [Appellant's] funds illegally, issued outrage[ou]s attorney fees to an indigent defendant, and denied access to counsel. Additionally, [the trial judge] was requested to recuse himself, failed to address the matter as required of judges under the judicial rules of canon law, where the record overwhelmingly demonstrates that [the trial judge] has used his official position by forming a negative and bias[ed] opinion of [Appellant], due solely to [Appellant's] unrelated criminal matter, and has used his power to inflict financial duress and burden on [Appellant], all the while favoring [Appellee], as supported by the record?

Appellant's Brief at 4-5.

We review a trial court's decision to grant special relief in divorce actions for abuses of discretion. *Prol v. Prol*, 935 A.2d 547, 551 (Pa. Super. 2007). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure." *Id.* (citation omitted).

We conclude that the trial court committed no error of law. The trial court issued an articulate, thorough, and well-reasoned opinion, dated October 15, 2019, determining that most of Appellant's claims related to his

- 3 -

prior quashed appeal. *See* Trial Ct. Op., 10/15/19, at 2. With regard to the only viable claim, we adopt the trial court's opinion.[3] *Id.* at 1-3.

Order affirmed. We direct the Prothonotary and the parties to attach the trial court's October 15, 2019 opinion to any future filings of this memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2020

_____

[3] We note that Appellee has asked for attorneys' fees on appeal pursuant to Pa.R.A.P. 2744. *See* Pa.R.A.P. 2744 (allowing counsel fees where "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious"). Based on the record before us, we cannot find that Appellant has taken this appeal out of frivolity or for an improper purpose, or that Appellant's conduct is dilatory, obdurate, or vexatious. While we agree that the present appeal is meritless, we also determine that Appellant's conduct in prosecuting his appeal does not meet the standards of Pa.R.A.P. 2744, and thus we decline to award attorneys' fees thereunder.

ALICE ALBERSTADT : IN THE COURT OF COMMON PLEAS

         Plaintiff : OF ERIE COUNTY, PENNSYLVANIA

    vs. : FAMILY DIVISION – DIVORCE

                   :

WILLIAM ALBERSTADT :

         Defendant : NO.    10555-2018

## 1925(a) OPINION

October 15, 2019: This matter arises from a Motion for Special Relief filed June 27, 2018 [1] ("Motion"), by Plaintiff, Alice Alberstadt ("Wife"), against Defendant, William Alberstadt ("Husband"). The Motion seeks to recover previously awarded alimony and attorney fees due from Husband under a Martial Settlement Agreement, dated April 4, 2016 ("MSA"), and a prior trial court order dated June 8, 2018.

## I.    PROCEDURAL BACKGROUND

Wife filed for divorce on March 2, 2018. She simultaneously filed an affidavit under section 3301(d) of the Divorce Code, 23 Pa.C.S.A. §3301, et seq. Husband filed a counter-affidavit on March 28, 2018, opposing entry of a divorce decree and raising various economic claims. Litigation ensued over the validity of the MSA, which concluded in Wife's favor by order dated June 8, 2018. Husband appealed that order to the Superior Court. His appeal was quashed on April 18, 2019. *See* 973 WDA 2018.

In the meantime, Wife filed the within Motion, seeking immediate freeze of an investment account in Husband's name, and a hearing on Wife's demand that the balance of that account be transferred to Wife in partial satisfaction of Husband's delinquent alimony and attorney fees

---

[1] The Motion was not heard until June of 2019 due to Husband's appeal of a prior order at 973 WDA 2018.

1

A TRUE COPY ATTEST

PROTHONOTARY

obligations. The Motion also sought additional attorney fees for Husband's breach of the MSA which necessitated the Motion.

An evidentiary hearing was held on July 30, 2019. Wife appeared, represented by counsel. Husband appeared *pro se* by video-conference from SCI Fayette, La Belle, Pennsylvania.[2] On July 31, 2019, the trial court entered an order granting Wife's Motion in its entirety. Husband timely filed his appeal on about August 7, 2019.

The trial court entered a Pa.R.A.P. 1925(b) Order on August 16, 2019. Husband filed his statement of errors on September 3, 2019. Except possibly with respect to the second award of attorney fees, the five errors listed in Husband's statement of errors relate exclusively to matters previously raised and decided by the court's prior order of June 8, 2018, which became final when Husband's appeal at 973 WDA 2018 was quashed earlier this year.[3]

## II. DISCUSSION

Wife's claim for additional attorney fees set forth at paragraph 11 of her Motion is based on Article XVIII of the MSA, which states:

### BREACH

If either party breached any provision of this Agreement, the other party shall have the right , at his or her election to due for damages for such breach or seek such other remedies or relief as may be available to him or herm including but not limited to these remedies provided by the divorce laws, and all other relevant laws, of any applicable jurisdiction, and specific performance. The party breaching this contract may be responsible for payment of legal fees and costs incurred by the other in enforcing the rights and responsibilities set forth in this Agreement, including fees and costs in pursuing collection of attorneys fees.

---

[2] On August 25, 2014, Husband was sentenced to 8 to 16 years in prison after pleading guilty to involuntary deviate sexual intercourse with the parties' grandchild.

[3] Husband mentions at paragraph V of his statement of errors, that he requested recusal, however, the court does not recall any such request and could not locate the same, to the extent it was by written motion, on the court docket. In any event, there is nothing in the record that would necessitate recusal in this case.

2

> If a party is unsuccessful in litigating the breach provisions contained herein, that unsuccessful party may be responsible for the payment of legal fees incurred by the successful party in defending the breach or enforcement action, including fees and costs.

(MSA, § XVIII). The Court found that Wife's Motion was filed in a reasonable effort to enforce her entitlement to alimony under Article XIII of the MSA, of which Husband was in breach, and to collect previously awarded attorney fees. Accordingly, Wife's claim for attorney fees incurred for preparation and presentation of her Motion were granted in the amount of $1,750.00, which amount was deemed reasonable based upon review of Wife's Attorney's Certification of Attorney Fees submitted as Exhibit D. *See, e.g. McMullen v. Kutz*, 985 A.2d 769, 770 (Pa. 2009).

## III.   CONCLUSION

For all of the reasons set forth above, Husband's appeal should be dismissed, and the July 31, 2019 Order should be affirmed.

BY THE COURT:

Joseph M. Walsh, III, Judge

cc:   James H. Richardson, Jr., Esquire (for Plaintiff)
      William Alberstadt, Defendant, Pro Se

3